**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDDIE STEVENSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2181** |
| **AVIS CAR RENTAL** | **SECTION: G** |

**ORDER AND REASONS**

In this litigation, *pro se* Plaintiff Eddie Stevenson ("Stevenson"), an African American male, alleges that he was the victim of racial discrimination in an automobile rental transaction.[1] Before the Court is Defendant Avis Car Rental's ("Avis") "Motion to Dismiss."[2] Stevenson opposes.[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion and grants Stevenson leave to amend the Complaint within twenty-one days of the date of this Order.

**I. Background**

On November 12, 2021, Stevenson filed a Complaint in this Court.[4] In the Complaint, Stevenson asserts that the day before Thanksgiving in 2020 he visited an Avis Car Rental location on Canal Street in New Orleans to rent a vehicle to drive to a family event.[5] Stevenson alleges that the rental desk informed him that he would need to provide two forms of identification because

---

[1] *See* Rec. Doc. 3.

[2] Rec. Doc. 16.

[3] Rec. Doc. 18.

[4] Rec Doc. 1. The Complaint was initially marked deficient by the Clerk of Court. Rec. Doc. 2. Stevenson remedied the deficiency on January 5, 2022. Rec. Doc. 3.

[5] *See* Rec. Doc. 3 at 4.

1

the office was in a "high risk area."[6] Stevenson further alleges the attendant suggested that the need for two forms of identification had something to do with the fact that he had a California driver's license but a Nevada mailing address.[7] Therefore, Stevenson asserts that he was the victim of racial discrimination.[8] On this basis, Stevenson asserts claims under 42 U.S.C. §§ 1981 and 1983, as well as Title II of the 1964 Civil Rights Act, to recover for emotional distress.[9] Stevenson requests "$5,000,000 plus punitive damages."[10]

Avis filed the instant motion on March 29, 2022.[11] Stevenson filed his opposition on April 4, 2022.[12] On May 10, 2022, with leave of Court, Avis filed a reply.[13] On May 12, 2022, Stevenson filed a sur-reply.[14]

## II. Parties' Arguments

### A.  Avis' Arguments in Support of the Motion to Dismiss

Avis seeks dismissal of Stevenson's claims, asserting three primary arguments: (1) that Avis is not a "state actor," and therefore cannot be liable under § 1983, (2) that there is no factual basis in the Complaint to support the claim that "Avis intentionally discriminated against

---

[6] *Id.* at 2.

[7] *See id.*

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.* at 5.

[11] Rec. Doc. 16.

[12] Rec. Doc. 18.

[13] Rec. Docs. 20, 22, 23.

[14] Rec. Doc. 24.

[Stevenson] on the basis of race," and (3) that Stevenson cannot support a § 2000a claim.[15] First, Avis contends that it is not a state actor, and that being a state actor is a prerequisite for any claim under § 1983.[16] Avis also notes that Stevenson has not alleged a deprivation of a constitutional right, another requirement of a § 1983 claim.[17] Second, Avis asserts that Stevenson's § 1981 claim must fail because Avis was not acting under color of state law and because Stevenson has not alleged intentional discrimination.[18] Third, Avis contends that Stevenson cannot support a § 2000a claim because he has not exhausted state administrative remedies, because Avis is not a place of "public accommodation," and because Stevenson seeks only money damages.[19]

**B.      *Stevenson's Arguments in Opposition to the Motion to Dismiss***

In opposition, Stevenson asserts that Avis' own policies allegedly do not require a second form of identification.[20] As such, he contends Avis' request for two forms of identification "was completely bias[ed], discretionary, and not consistent with all Avis' customers."[21] Stevenson also disputes the relevance of *Bell Atl. Corp. v. Twombly*, as that case "was a claim of The Sherman Act, and was not alleged to have caused personal injury," unlike this case.[22] Stevenson then asserts that, even if Avis is a private actor, it is

> still bound to the policies embodied in the Federal Civil Rights Act of 1964 under
> Louisiana State Law and the Louisiana Human Rights Act. Also Louisiana Statute

---

[15] *Id.* at 2.

[16] *Id.* at 5–7.

[17] *Id.* at 8.

[18] *Id.* at 9–10.

[19] *Id.* at 10–13.

[20] Rec. Doc. 18-1 at 5.

[21] *Id.*

[22] *Id.* at 5–6.

> title 51 – Trade and commerce RS 51: 2237. As well as Defendant's Tort being intentional giving Plaintiff the right to bring his complaint against Defendant.[23]

Stevenson also states, without supporting evidence, that he "did try to get injunctive relief based on the Louisiana Human Rights Act by submitting [a] complaint with the appropriate agency."[24] Stevenson further asserts that Avis was "operating outside of their normal policy in denying rental of a vehicle when all the proper requirements were met proves intentional [d]iscrimination by [Avis] which is an [i]ntentional [t]ort."[25] Finally, Stevenson says that even if he is unable to recover under the federal statutes mentioned, he should be able to recover "based on the [i]ntentional [t]ort and intentional infliction of emotional distress by [Avis] causing personal injury."[26]

## C.   *Avis' Arguments in Further Support of the Motion to Dismiss*

Avis replies that Stevenson's opposition "simply reiterates the same conclusory and otherwise deficient allegations set forth in the Complaint, and fails to refute the well-established black letter law referenced in Avis' motion."[27] Avis also notes that, to the extent that Stevenson is alleging discrimination "based on his address," there is no cause of action for such a claim.[28] Avis submits that Stevenson admits that Avis is not a state actor.[29] Next, Avis contends that there are still no facts alleged that would support a claim for intentional racial discrimination.[30] Finally,

---

[23] *Id.* at 7.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 9.

[27] Rec. Doc. 23 at 2.

[28] *Id.* at 2–3.

[29] *Id.* at 3.

[30] *Id.* at 4.

Avis avers that Stevenson still has not alleged facts sufficient to support a Title II claim.[31]

**D.**     ***Stevenson's Arguments in Further Opposition to the Motion to Dismiss***

In sur-reply, Stevenson all but abandons his federal claims, instead stating that he "has established all the elements of making an [i]ntentional [i]nfliction of [e]motional [d]istress claim based on [Avis]'s discrimination."[32] He also states that his claim for discrimination is not merely based on his address, but also on his race.[33] Next, he asserts that he "did not concede that Avis is not a state actor because it is not clear if [Avis] receives state or federal funding."[34] But, in any case, he says that even private actors cannot discriminate against potential customers.[35] Stevenson again asserts that Avis' actions were "the definition of racial profiling and discrimination," and that Avis' own internal investigation concluded that Stevenson should not have been denied the rental car.[36] Finally, Stevenson asks, "if Avis is not a 'state actor' then why would he seek remedy from a state agency?"[37] Stevenson concludes, "even if he did not exhaust state administrative remedies before filing his claim, even though Avis claims to not be a state actor, Avis is still liable to Stevenson's tort claim of intentional infliction of emotional distress."[38]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for

---

[31] *Id.* at 5–7.

[32] Rec. Doc. 24 at 2.

[33] *Id.* at 3.

[34] *Id.*

[35] *Id.* at 4.

[36] *Id.*

[37] *Id.* at 5 (cleaned up).

[38] *Id.* (cleaned up).

failure to state a claim upon which relief can be granted."[39] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[40] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[41] "Factual allegations must be enough to raise a right to relief above the speculative level."[42] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[43]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[44] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[45] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[46] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[47] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[48] That is, the complaint must offer more than an "unadorned, the defendant-

---

[39] Fed. R. Civ. P. 12(b)(6).

[40] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[41] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[42] *Twombly*, 550 U.S. at 556.

[43] *Id.* at 570.

[44] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[45] *Iqbal*, 556 U.S. at 677–78.

[46] *Id.* at 679.

[47] *Id.* at 678.

[48] *Id.*

unlawfully-harmed-me accusation."[49] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[50] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[51]

## IV. Analysis

Avis argues that Stevenson fails to state a claim for relief under § 1983, § 1987, and § 2000a of Title II of the Civil Rights Act. Stevenson argues that he has stated a claim under those statutes, or, alternatively, that he may recover for intentional infliction of emotional distress. The Court considers each claim in turn.

### A.    Section 1983 Claim

"[S]tate action is a prerequisite for bringing an action under Section 1983."[52] Avis is indisputably a private company, even if, as Stevenson suggests, it may receive some federal or state funds.[53] Therefore, Stevenson can only maintain a § 1983 claim if he demonstrates that Avis, "although a private corporation, act[ed] under color of state law, and [wa]s thus a state actor for Section 1983 purposes."[54] This analysis is a "fact-intensive" process that defies easy rules.[55] In

---

[49] *Id.*

[50] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[51] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[52] *Rundus v. City of Dall.*, 634 F.3d 309, 312 (5th Cir. 2011).

[53] Rec. Doc. 24 at 3.

[54] *Rundus*, 634 F.3d at 312.

[55] *Id.* at 313 (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 298–99 (2001)).

this case, however, Stevenson has alleged no facts that suggest Avis was in any way a state actor. He has not alleged that Avis was performing a function "exclusively reserved to the state,"[56] has not shown any "pervasive entwinement" linking Avis and the State,[57] and in fact suggests that Avis was acting in defiance of state law.[58] Additionally, Stevenson does not identify the deprivation of constitutional right, an essential element for a claim under § 1983. As such, Stevenson cannot maintain a § 1983 claim against Avis.

**B.**   *Section 1981 Claim*

"To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute."[59] Stevenson alleges that he is African American, and he alleges that Avis discriminated against him regarding the making of a contract, which is an activity enumerated in the statute.[60] However, Stevenson has not alleged by any more than conjecture "an intent to discriminate on the basis of race." Stevenson cites no direct evidence of racial discrimination. The reasons provided to Stevenson for requiring two forms of identification had nothing to do with his race. Instead, Stevenson alleges that this requirement was "because the driver['s] license is from California with a Nevada mailing address" and because the location was in a "high risk area."[61] In

---

[56] *White v. Scrivner Corp.*, 594 F.2d 140, 141 (5th Cir. 1979).

[57] *Rundus*, 634 F.3d at 315.

[58] *See* Rec. Doc. 18-1 at 7.

[59] *Green v. State Bar*, 27 F.3d 1083, 1086 (5th Cir. 1994).

[60] 42 U.S.C. § 1981(a).

[61] Rec. Doc. 3 at 2.

fact, Stevenson suggests that an Avis representative implied that "if [he] had a Louisiana license then he would have been ok to rent a vehicle,"[62] which belies his claim that the denial was on the basis of race. Stevenson assumes that the true reason for the denial was his race but asserts no facts to demonstrate racial bias or discrimination on Avis' behalf.

Stevenson's assumptions are insufficient to demonstrate an explicit intent to discriminate. The Court is mindful that the neighborhood surrounding the Canal Street location of Avis is predominately African-American. Furthermore, the Court understands that the phrase "high risk area" is often deployed as a dog-whistle for racial animus.[63] However, "[a]lthough 'naked allegation[s]' of discriminatory intent are too conclusory to survive a motion to dismiss, . . . discriminatory motive may be—and commonly is—demonstrated by circumstantial evidence."[64] One such kind of circumstantial evidence is an "allegation that similarly situated non-minorities received better treatment."[65] The Complaint makes no such allegation, and provides no circumstantial allegations beyond Stevenson's assertion regarding the "[a]ssumption (bias)" in the mind of the Avis employees.[66] This is insufficient to survive a motion to dismiss. Therefore, Stevenson has not stated a claim against Avis under § 1981.

## C.   *Section 2000a Claim*

Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, states in relevant part that "[a]ll

---

[62] *Id.* at 3.

[63] *See, e.g.*, Camila Domonske, *Interactive Redlining Map Zooms in on America's History of Discrimination*, NPR (Oct. 19, 2016 3:22 PM), https://www.npr.org/sections/thetwo-way/2016/10/19/498536077/interactive-redlining-map-zooms-in-on-americas-history-of-discrimination.

[64] *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citations omitted).

[65] *Id.*

[66] Rec. Doc. 3 at 3-4.

persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."[67] Avis is not, however, a place of "public accommodation" as defined in § 2000a. Those places include:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, … (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, … (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment, and (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.[68]

This list is to be construed strictly.[69] Avis does not qualify as a place of public accommodation under this statute, and so Stevenson has no cause of action under this statute.

Even if Avis were a place of public accommodation, however, Stevenson's claim would fail for two additional reasons. First, Stevenson has alleged no facts that show discrimination on the basis of race. To the extent that Stevenson alleges that he was discriminated against "based on his address," this discrimination is not actionable under this statute, which proscribes discrimination on the basis of "race, color, religion, or national origin."[70] As the Supreme Court has defined it, "national origin" refers to "the country where a person was born, or, more broadly,

---

[67] 42 U.S.C. § 2000a(a).

[68] *Id.* at § 2000a(b).

[69] *See Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) (explaining that § 2000a(b) "sets forth a comprehensive list of establishments that qualify as a 'place of public accommodation,' . . . and in so doing excludes from its coverage those categories of establishments not listed").

[70] 42 U.S.C. §2000a(a).

the country from which his or her ancestors came."[71] Therefore, Stevenson alleges no facts that show discrimination on the basis of national origin. Additionally, Stevenson seeks only monetary damages, which are not recoverable under this statute.[72]

## D.    *Intentional Infliction of Emotional Distress Claim*

Although Stevenson does not assert a claim for intentional infliction of emotional distress in the Complaint, for the sake of judicial efficiency the Court addresses the arguments for this claim, which Stevenson raises in his opposition and sur-reply. Under Louisiana law, a plaintiff must prove the following three elements in order to recover for intentional infliction of emotional distress: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."[73] Taking all non-conclusory allegations of fact in Stevenson's complaint as true, he has demonstrated only the second of these factors. "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[74] While racial discrimination is indeed "atrocious and utterly intolerable in a civilized community,"[75] Stevenson has not demonstrated that racial discrimination informed the Avis employees' decision-making process. Nor has Stevenson shown that Avis "desired to inflict severe emotional distress or knew

---

[71] *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (193).

[72] *See Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Title II], he cannot recover damages.").

[73] *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).

[74] *Id.*

[75] *Id.*

that severe emotional distress would be certain or substantially certain to result from [its] conduct."[76] Stevenson suggests only that "Defendant's conduct and actions are the cause of [his] … [e]motional [d]istress."[77] The threshold for recovery for intentional infliction of emotional distress under Louisiana law is a high one.[78] Stevenson has not plead facts to meet that high threshold. However, the Court recognizes that a motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[79] Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend the complaint.[80] Considering Stevenson's *pro se* status, the Court grants Stevenson leave to amend the Complaint to the deficiencies identified in this order. Stevenson must file an amended Complaint within twenty-one days of the date of this Order.

## V. Conclusion

The Court is sympathetic to Stevenson's distress and pain. But not all pain is actionable. Stevenson has demonstrated no grounds for legal recovery. However, the Court will grant Stevenson leave to amend the Complaint to address the deficiencies identified in this Order. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Avis Car Rental's Motion to Dismiss[81] is **DENIED**.

---

[76] *Id.*

[77] Rec. Doc. 24 at 2.

[78] *See Nicholas v. Allstate Ins. Co.*, 1999-2522, p. 1 (La. 8/31/00); 765 So. 2d 1017, 1019.

[79] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[80] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[81] Rec. Doc. 16.

**IT IS FURTHER ORDERED** that Plaintiff Eddie Stevenson is granted leave to amend the Complaint within twenty-one days of the date of this order. If Stevenson fails to amend the Complaint, or if the amendment does not cure the deficiencies identified in this Order, Avis is granted leave to file a second motion to dismiss.

**NEW ORLEANS, LOUISIANA**, this _____ 1st _____ day of June, 2022.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

13