## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE STEVENSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2181** |
| **AVIS CAR RENTAL** | **SECTION: "G"** |

## <u>ORDER AND REASONS</u>

In this litigation, *pro se* Plaintiff Eddie Stevenson ("Stevenson"), an African American male, alleges that he was the victim of racial discrimination in an automobile rental transaction.[1] After the Court denied Defendant Avis Car Rental's ("Avis") first motion to dismiss and granted Stevenson leave to amend,[2] Stevenson filed an Amended Complaint.[3] Now before the Court is Avis' "Second Motion to Dismiss."[4] Stevenson has not filed an opposition to the motion, and therefore the instant motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[5] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

---

[1] *See* Rec. Doc. 3.

[2] Rec. Doc. 25.

[3] Rec. Doc. 26.

[4] Rec. Doc. 27.

[5] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir.1993).

## **I. Background**

On January 5, 2022, Stevenson filed a Complaint in this Court.[6] In the Complaint, Stevenson asserted that the day before Thanksgiving in 2020 he visited an Avis Car Rental location on Canal Street in New Orleans to rent a vehicle to drive to a family event.[7] Stevenson alleged that the rental desk informed him that he would need to provide two forms of identification because the office was in a "high risk area."[8] Stevenson further alleged the attendant suggested that the need for two forms of identification had something to do with the fact that he had a California driver's license but a Nevada mailing address.[9] Therefore, Stevenson asserted that he was the victim of racial discrimination.[10] On this basis, Stevenson asserted claims under 42 U.S.C. §§ 1981 and 1983, as well as Title II of the 1964 Civil Rights Act, to recover for emotional distress.[11] Stevenson requested "$5,000,000 plus punitive damages."[12]

Avis filed a first motion to dismiss on March 29, 2022, claiming that the Complaint failed to state a claim upon which relief could be granted.[13] Stevenson filed an opposition on April 4, 2022.[14] On May 10, 2022, with leave of Court, Avis filed a reply.[15] On May 12, 2022, Stevenson

---

[6] Rec. Doc. 3.

[7] *See* Rec. Doc. 3 at 4.

[8] *Id.* at 2.

[9] *See id.*

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.* at 5.

[13] Rec. Doc. 16.

[14] Rec. Doc. 18.

[15] Rec. Docs. 20, 22, 23.

filed a sur-reply.[16] The Court denied the motion to dismiss without prejudice and granted Stevenson leave to amend the Complaint.[17] The Court held that "Stevenson ha[d] demonstrated no grounds for legal recovery," but, cognizant of the difficulties inherent in proceeding *pro se*, permitted his amending the Complaint.[18]

In the Amended Complaint, Stevenson restates many of the same allegations raised in the first Complaint. He states that Avis "violated Title II of the Civil Rights Act of 1964, and 42 U.S.C. Section 1981 by denying rental to Stevenson based on his racial appearance."[19] He also claims that Avis "intentionally inflicted emotional distress on plaintiff by racially profiling and denying service to Mr. Stevenson when he met all criteria to rent the vehicle."[20] His stated "first cause of action" is for "racial profiling and discrimination," a claim which he suggests arises under the two federal statutes mentioned above.[21] His second cause of action, intentional infliction of emotional distress, arises out of the alleged manner of the Avis employee, who "appeared to take pleasure in denying service to Plaintiff" while also knowing "that Plaintiff was far from home, did not have transportation, and that it was storming outside."[22] Stevenson's third cause of action is new to the Amended Complaint: he asserts a claim under the Louisiana Unfair Trade Practices Act ("LUTPA") because "[i]t is deceptive to have a policy and arbitrarily change

---

[16] Rec. Doc. 24.

[17] Rec. Doc. 25.

[18] Rec. Doc. 25 at 12.

[19] Rec. Doc. 26 at 3.

[20] *Id.* (cleaned up).

[21] *Id.* at 5-6.

[22] *Id.* at 7.

the policy for made up reasons to mask discrimination and bias."[23] Stevenson did not bring a Section 1983 claim in the Amended Complaint. Stevenson again seeks $5,000,000 in damages alongside compensatory relief, punitive damages, pain and suffering, and attorney's fees.[24]

## II. Parties' Arguments

### A.    *Avis' Arguments in Support of the Motion to Dismiss*

Avis asserts that the Amended Complaint "does not remedy the deficiencies outlined in the Court's Order and Reasons."[25] First, Avis submits that "there are no facts to support any allegation that Avis' refusal to provide [Stevenson] with a rental car on grounds that he failed to provide proper identification was a pretext for racial discrimination, and so Mr. Stevenson's § 1981 claim must necessarily fail."[26] Next, Avis claims that Stevenson "makes no attempt to address any of the deficiencies identified by the Court" with regard to his Title II claim.[27] Avis further asserts that "Mr. Stevenson has not plead facts sufficient to show that race played any factor in Avis' alleged decision to refuse to rent a vehicle to him, or that Avis' alleged requirement that Mr. Stevenson provide a second form of identification was intended or calculated to cause severe emotional distress."[28] Finally, Avis submits that the claims made by Stevenson "do not approach the immoral, unethical, oppressive or unscrupulous standard required to sustain a violation of the LUTPA."[29]

---

[23] *Id.* at 8.

[24] *Id.* at 9.

[25] Rec. Doc. 27-1 at 2.

[26] *Id.* at 7-8.

[27] *Id.* at 8.

[28] *Id.* at 9.

[29] *Id.* at 10 (internal quotation marks omitted).

### B.    *No Opposition Filed*

The motion was set for submission on August 10, 2022. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was August 2, 2022. Stevenson filed no opposition to this motion.

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[30] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[31] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[32] "Factual allegations must be enough to raise a right to relief above the speculative level."[33] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[34]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[35] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[36] "While legal

---

[30] Fed. R. Civ. P. 12(b)(6).

[31] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[33] *Twombly*, 550 U.S. at 556.

[34] *Id.* at 570.

[35] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[36] *Iqbal*, 556 U.S. at 677–78.

conclusions can provide the framework of a complaint, they must be supported by factual allegations."[37] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[38] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[39] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[40] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[41] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[42]

### IV. Analysis

Avis argues that Stevenson fails to state a claim for relief under § 1981 or § 2000a of Title II of the Civil Rights Act. Avis argues that Stevenson also fails to state a claim for intentional infliction of emotional distress or for a violation of the LUTPA. The Court considers each claim in turn.

### A.    *Section 1981 Claim*

"To establish a claim under § 1981, a plaintiff must allege facts in support of the following

---

[37] *Id.* at 679.

[38] *Id.* at 678.

[39] *Id.*

[40] *Id.*

[41] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[42] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute."[43] Stevenson has alleged that he is African American, and the alleged discrimination regarded the making of a contract, which is enumerated in the statute.[44] However, Stevenson has not shown by any more than conjecture an intent to discriminate on the basis of race.

"Although 'naked allegation[s]' of discriminatory intent are too conclusory to survive a motion to dismiss, . . . discriminatory motive may be—and commonly is—demonstrated by circumstantial evidence."[45] One such kind of circumstantial evidence is an "allegation that similarly situated non-minorities received better treatment."[46] Stevenson attempts to allege such discrimination in the Amended Complaint by noting that "Defendant did not ask any of the other customers who were white for two forms of identification."[47] Stevenson does not allege, however, that these white customers were "similarly situated" as he does not allege that they had out-of-state licenses. Nor does Stevenson allege that, had he provided a second form of identification, he would still have been denied a rental on the basis of his race. Simply put, Stevenson has failed to remedy the deficiencies the Court previously identified in this claim. Therefore, Stevenson's § 1981 claim must be dismissed.

---

[43] *Green v. State Bar*, 27 F.3d 1083, 1086 (5th Cir. 1994).

[44] 42 U.S.C. § 1981(a).

[45] *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citations omitted).

[46] *Id.*

[47] Rec. Doc. 26 at 5.

**B.     Section 2000a Claim**

Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, states in relevant part that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."[48] Avis is not, however, a place of "public accommodation" as defined in § 2000a. Those places include:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, … (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, … (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment, and (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.[49]

This list is to be construed strictly.[50] Avis does not qualify as a place of public accommodation under this statute, and so Stevenson has no cause of action under this statute. Stevenson makes no attempt to address this or the other concerns identified by the Court in its prior Order and Reasons. This claim too must be dismissed.

**C.     Intentional Infliction of Emotional Distress Claim**

Under Louisiana law, a plaintiff must prove the following three elements in order to recover for intentional infliction of emotional distress: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and

---

[48] 42 U.S.C. § 2000a(a).

[49] *Id.* at § 2000a(b).

[50] *See Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) (explaining that § 2000a(b) "sets forth a comprehensive list of establishments that qualify as a 'place of public accommodation,' . . . and in so doing excludes from its coverage those categories of establishments not listed.").

(3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."[51] "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[52]

While racial discrimination is indeed "atrocious and utterly intolerable in a civilized community,"[53] Stevenson has not demonstrated that racial discrimination informed the Avis employees' decision-making process. He has alleged that he was severely emotionally distressed, and he has alleged that "Defendant knowingly humiliated and embarrassed Plaintiff," that the defendant "knew that Plaintiff was far from home, did not have transportation, and that it was storming outside."[54] However, Stevenson has not alleged that Avis "desired to inflict severe emotional distress or knew  that severe emotional distress would be certain or substantially certain to result from [its] conduct."[55] The threshold for recovery for intentional infliction of emotional distress under Louisiana law is a high one.[56] Stevenson has not plead facts to meet that high threshold.

**D.**     ***Louisiana Unfair Trade Practices Claim***

The LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[57] "In general, acts which comprise unfair

---

[51] *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).

[52] *Id.*

[53] *Id.*

[54] Rec. Doc. 26 at 7.

[55] *White*, 585 So. 2d at 1209.

[56] *See Nicholas v. Allstate Ins. Co.*, 1999-2522, p. 1 (La. 8/31/00); 765 So. 2d 1017, 1019.

[57] La. Rev. Stat. § 51:1405(A).

trade practices involve fraud, deception, misrepresentation, breach of fiduciary duty, or other unethical conduct. To succeed on a LUTPA claim, the plaintiff must show that the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious. The span of prohibited practices under LUTPA is extremely narrow."[58] "The real thrust of the LUTPA … is to deter injury to competition."[59]

      None of Stevenson's allegations fit within the "extremely narrow" window of prohibited practices under LUTPA. At most, he has plausibly alleged that Avis requires two forms of identification from out of state residents at one location. He has alleged no element of injury to competition, no unethical conduct, and no evidence of fraud. These allegations do not demonstrate a policy which falls afoul of LUTPA, and Stevenson has failed to demonstrate any other prohibited practice. As such, this claim too must be dismissed.

## V. Conclusion

      The Amended Complaint does not address the deficiencies identified in the Order and Reasons addressing Avis' first motion to dismiss. While the Court remains sympathetic to Mr. Stevenson's pains, he has again failed to demonstrate a legal remedy for his pains. Accordingly,

---

[58] *Walker v. Hixson Autoplex of Monroe, L.L.C.*, 51,758 (La. App. 2 Cir. 11/29/17); 245 So. 3d 1088, 1095 (citations omitted).

[59] *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1331 (5th Cir. 1994).

**IT IS HEREBY ORDERED** that Defendant Avis Car Rental's Motion to Dismiss[60] is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 19th day of August, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[60] Rec. Doc. 27.